IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ZIA LAND AND WATER CONSERVATION, LLC,

    Plaintiff,

v.                                                              No. CIV 22-cv-0245 RB/KK

FORTY ACRES ENERGY, LLC
and H L PUMPING,

    Defendants.

## MEMORANDUM OPINION AND ORDER

    Plaintiff Zia Land and Water Conservation, LLC (Zia) filed suit in a New Mexico state court against Defendants Forty Acres Energy, LLC (Forty Acres) and H L Pumping. Zia alleges that Defendants are responsible for damage to property on which they conduct oil and gas operations. Although Zia and H L Pumping are both citizens of New Mexico, Forty Acres removed the matter to this Court on the basis of diversity jurisdiction and argues that H L Pumping was fraudulently joined. Zia now moves to remand. Having considered the parties' arguments and relevant authority, the Court finds the motion to remand is well-taken and should be granted.

**I.**    **Factual and Procedural Background**

    Zia, a New Mexico limited liability company with its principal place of business in New Mexico, is an assignee of Clay Cooper Family Trust (Cooper). (Doc. 8-1[1] (Compl.) ¶ 1.) Cooper owns real property in New Mexico. (*Id.* ¶ 5.) "Zia is an entity that was formed to help ranchers and other landowners deal with surface rights issues in New Mexico." (Doc. 10-3 ¶ 3.) Forty Acres

---

[1] The Court refers to the CM/ECF numbering of the exhibits attached to Document 8.

is a limited liability company incorporated in Delaware with its principal place of business in Texas. (Compl. ¶ 2.) H L Pumping is a sole proprietorship and citizen of New Mexico.[2] (*Id.* ¶ 3.)

Cooper and Forty Acres entered into a surface use agreement for oil and gas activities on Cooper's property. (*Id.* ¶ 10.) According to the Complaint, "Forty Acres and H L Pumping conduct oil and gas operations on the [p]roperty" and failed to detect, report, and remediate leaks, spills, and releases caused by their oil and gas operations, resulting in damages. (*Id.* ¶¶ 8, 11–15.)

Zia filed suit in New Mexico state court for trespass, unjust enrichment, negligence, breach of contract, and for surface damage pursuant to the Surface Owner Protection Act, N.M. Stat. Ann. § 70-12-1–10. (*See id.* ¶¶ 19–55.) Forty Acres removed the lawsuit to this Court pursuant to 28 U.S.C. § 1332(a). (*See* Docs. 1; 8 at 4.) Zia now moves to remand. (Doc. 10.)

## II.     Legal Standards

A defendant may remove a civil action filed in state court where the action "satisfies the requirements for original federal jurisdiction . . . ." *Archuleta v. Taos Living Ctr., LLC*, 791 F. Supp. 2d 1066, 1070 (D.N.M. 2011) (discussing 28 U.S.C. § 1441(a)). Diversity jurisdiction exists where all parties are "citizens of different States" and "the matter in controversy exceeds" $75,000. 28 U.S.C. § 1332(a). Where a plaintiff fraudulently joins a non-diverse defendant to destroy complete diversity, a defendant may still properly remove the case to federal court. *See Archuleta*, 791 F. Supp. 2d at 1071.

Because "a fraudulent joinder analysis [is] a jurisdictional inquiry," *Albert v. Smith's Food & Drug Ctrs., Inc.*, 356 F.3d 1242, 1247 (10th Cir. 2004), "the court may pierce the pleadings,

---

[2] Zia alleges only that H L Pumping "is a sole proprietorship owned and operated by Enrique Lozoya and located . . . [in] New Mexico . . . ." (*See* Doc. 8-1 (Compl. ¶ 3).) The parties agree, however, that Lozoya and H L Pumping are citizens of New Mexico. (*See* Docs. 8 at 1; 10 at 8.)) The Court accepts this allegation as true for purposes of this Opinion.

consider the entire record, and determine the basis of joinder by any means available," *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964) (citations omitted). The defendant "must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (quotation omitted). Here, Forty Acres alleges that Zia is unable to establish a cause of action against H L Pumping. (*See* Doc. 17 at 5.) In deciding this issue, the Court must "resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party." *Montano v. Allstate Indem.*, 211 F.3d 1278, 2000 WL 525592, at *1 (10th Cir. Apr. 14, 2000) (quoting *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000)); *see also Zia Land & Water Conservation, LLC v. Marathon Oil Permian, LLC* ("*Marathon Oil*"), No. 1:21-CV-0514 KWR/JFR, 2021 WL 3486890, at *1 (D.N.M. Aug. 9, 2021) ("Removal statutes are strictly construed, and ambiguities should be resolved in favor of remand.") (citing *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982)). Forty Acres "bears a heavy burden of proving fraudulent joinder . . . ." *Dutcher*, 733 F.3d at 988 (quotation omitted).

**III.    Discussion**

At issue here is "whether there is a reasonable basis to believe [Zia] might succeed in at least one claim against [H L Pumping,]" the non-diverse party. *See Nerad v. AstraZeneca Pharm., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006) (citation omitted). Zia lodges trespass and SOPA claims against H L Pumping. (*See* Compl. ¶¶ 20–21, 45–47.) The parties' arguments regarding fraudulent joinder revolve around the SOPA claim.

The New Mexico legislature enacted SOPA "to balance surface owners' and mineral lessees' interests." *See Woody Inv., LLC v. Sovereign Eagle, LLC*, 362 P.3d 107, 110 (N.M. Ct. App. 2015). SOPA requires oil and gas operators to "reclaim all the surfaces affected by the

3

operator's oil and gas operations." *Marathon Oil*, 2021 WL 3486890, at *2 (quoting N.M. Stat. Ann. § 70-12-4(C)). "SOPA . . . imposes strict liability upon oil and gas operators for surface damage caused by oil and gas operations." *Woody*, 362 P.3d at 110.

Forty Acres argues that Zia cannot establish a SOPA claim against H L Pumping because H L Pumping does not perform "oil and gas operations." (*See* Doc. 17 at 8–10.) SOPA defines "oil and gas operations" as "all activities affecting the surface owner's land that are associated with exploration, drilling or production of oil and gas, through final reclamation of the affected surface." N.M. Stat. Ann. § 70-12-3(A). To "reclaim" a surface "means to substantially restore the surface affected by oil and gas operations to the condition that existed prior to oil and gas operations, or as otherwise agreed to in writing by the operator and surface owner." *Id.* § 70-12-3(C).

Zia submits the affidavit of property owner Clay Cooper,[3] who testified that "[o]n several occasions [he has] observed H L Pumping . . . actively participating or being the only participant in cleaning up spills and releases that have occurred on [the] property as the result of Forty Acres['] . . . oil and gas operations." (Doc. 10-2 ¶ 9.) Forty Acres responds that H L Pumping only performed this "dirt work" to protect Cooper's cows from getting into leaks and spills. (*See* Doc. 17 at 8.) Forty Acres fails to cite authority to support a finding that clean-up of leaks and spills, regardless of purpose, is not reclamation for purposes of SOPA. Thus, the Court finds that H L Pumping's work "cleaning up spills and releases" is a form of reclamation and, therefore, falls under the definition of oil and gas operations for purposes of SOPA.

---

[3] Zia submits two affidavits of individuals who attest that they spoke with Lozoya about H L Pumping's activities at the property. (*See* Docs. 10-2; 10-3.) Forty Acres objects to the introduction of this testimony on the basis that it is hearsay. (Doc. 17 at 6–8.) Zia fails to respond to this argument. (*See* Doc. 18.) The Court finds that it can decide the motion without considering the disputed testimony and, therefore, disregards the portions of the affidavits based on conversations with Lozoya.

4

Forty Acres also contends that Zia cannot establish a SOPA claim against H L Pumping, because it does not fall under the statutory definition of "operator." (*See id.* at 9–10.) SOPA defines an oil and gas "operator" as "a person with the legal right to conduct oil and gas operations and includes the agents, employees and contractors of that person." § 70-12-3(B). Forty Acres argues that "operators" are subject to various requirements under SOPA, and that H L Pumping, as a contractor of Forty Acres, is not subject to these requirements. (*See* Doc. 17 at 9 (citing N.M. Stat. Ann. §§ 70-12-4(A), 70-12-5(A)–(B), (F), 70-12-6(A)–(B)).) Forty Acres concludes that because H L Pumping is not subject to these statutory requirements, it is not considered an operator under SOPA. (*See id.*)

At first blush, Forty Acres' reading of SOPA seems to render superfluous language in the statutory definition of "operator." SOPA explicitly states that the definition of operator "*includes* the agents, employees *and contractors* of" persons who have "the legal right to conduct oil and gas operations" on property. N.M. Stat. Ann. § 70-12-3(B) (emphasis added). Forty Acres does not disagree that it is an operator under SOPA. (*See* Doc. 17.) Moreover, the parties agree that Forty Acres has a Master Service Agreement with H L Pumping. (*See, e.g.*, Docs. 8-2 ¶ 14; 10 at 2; 17 at 8.) Forty Acres does not dispute that this makes H L Pumping a "contractor." (*See* Doc. 17.) Instead, it argues that the relevant language regarding "agents, employees, and contractors" is "intended to impose strict liability upon an operator for the conduct of its agents, employees[,] and contractors engaging in oil and gas operations." (*Id.* at 9.)

The Court passes no judgment on whether Forty Acres' position has legal merit. Indeed, a New Mexico state court might agree with Forty Acres' interpretation of this provision. Critically, though, it does not appear that any state court has had the opportunity to weigh in on this argument, as Forty Acres cites no authority in support of its novel theory. (*See id.*) The Tenth Circuit directs

5

that "all ambiguities in the controlling law [must be resolved] in favor of the non-removing party." *Montano*, 211 F.3d 1278, at *1 (quoting *Hart*, 199 F.3d at 246). Because Forty Acres' argument is at best ambiguous and open to interpretation, and at worst directly negated by plain statutory language, the Court declines to perform this "intricate analysis of state law" and will grant the motion to remand. *See id.* at *2 ("A claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction.") (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851–53 (3d Cir. 1992)).

**THEREFORE,**

**IT IS ORDERED** that the Court **GRANTS** Zia's Motion to Remand (Doc. 10) and **REMANDS** this matter to the First Judicial District Court, Doña Ana County, State of New Mexico.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE